TRIPLE E DEVELOPMENT COMPANY, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 26008.   Promulgated June 17, 1953.

*Chester H. Ferguson, Esq., George V. Ericksen, Esq.,* and *Rex Meighen, C. P. A.,* for the petitioner.
*Newman A. Townsend, Jr., Esq.,* for the respondent.

#### OPINION.

TURNER, *Judge:* The respondent determined deficiencies in income
tax and excess profits tax against the petitioner for the fiscal year
ending August 31, 1946, in the respective amounts of $133,489.49 and
$72,758.68. The only issue for determination is whether the peti-
tioner may treat part of the purchase prices of citrus groves having
growing crops thereon as cost of fruit sold, in arriving at the gain
realized from subsequent sales of the fruit when mature.

Due to a claimed net operating loss carry-over and net operating loss
carry-backs, the taxable years ending August 31, 1945, August 31,
1947, and August 31, 1948, are involved.

The facts necessary for decision of this case have been stipulated
and are found as stipulated.

The petitioner is a Florida corporation, with its principal place of
business at Dade City, Florida. It filed its income tax and excess
profits tax returns for the years involved with the collector of internal
revenue for Florida. It kept its books and made its returns on an
accrual basis and for fiscal years ending August 31.

During the taxable years 1945 and 1946, the petitioner purchased
certain citrus groves, the purchase price in each instance being a
lump-sum amount. When purchased, each of the groves had a grow-
ing crop of citrus fruit on the trees. These crops matured and were
harvested in due course. They were marketed by or for the peti-
tioner during its taxable years ending August 31, 1946, 1947, and
1948. Of the lump-sum amounts paid for the groves, with the grow-
ing crops of fruit thereon, $678,544.65 was attributable to and repre-
sented cost of such fruit sold in the taxable year 1946; $106,314.49,
cost of such fruit sold in the taxable year 1947; and $95,961.06, cost
of such fruit sold in the taxable year 1948.

The proposition on which the decision turns is whether or not a portion of the lump-sum price paid for a citrus grove with a growing crop of fruit on the trees may be held to have been the cost of the fruit, as distinguished from the land and trees themselves.

Since the trial herein, it has been held in the case of a seller that a proper portion of the lump-sum price received by the seller constitutes and represents the amount received in the sale for the growing crop, as distinguished from the grove itself. *Watson* v. *Commissioner*, 345 U. S. 544, affirming 197 F. 2d 56 and 15 T. C. 800. It accordingly follows, we think, and we have so found, that the above amounts, as stipulated by the parties, represented the portions of the lump-sum payments properly allocable to the growing fruit on the trees at the time of purchase, and was, therefore, cost of the fruit sold in the respective years.

Subject to the holding above, the parties are in agreement as to the various other items and amounts which will enter into the computation of deficiency, if any, herein.

*Decision will be entered under Rule 50.*